### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLANTA LTD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| SOAPY CARE LTD and | ) **JURY TRIAL DEMANDED** |
| SOAPY USA INC., | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Glanta Limited, files this Complaint and demand for a jury trial seeking relief for patent infringement by Defendants Soapy Care Limited and Soapy USA Incorporated (collectively, "Defendants"). Plaintiff states and alleges the following:

### THE PARTIES

1. Plaintiff Glanta Limited ("Glanta") is a company organized and existing under the laws of Ireland, with its principal place of business located at The Tower, Trinity Enterprise Centre, Pearse St, Dublin 2, Ireland, D02 AR20. Glanta Limited was established to develop and market hand washing monitoring technology under the "SureWash" brand.

2. On information and belief, Defendant Soapy Care Ltd. "(Soapy Care") is a corporation organized and existing under the laws of Israel, with a principal place of business located at 3 Golda Meir St., Ness Ziona, Israel.

3. On information and belief, Defendant Soapy USA Inc. ("Soapy USA") is a corporation organized and existing under the laws of the State of Delaware, with a registered agent having an address of 16192 Coastal Highway, Lewes Delaware, 19958. On information and belief, Soapy USA is wholly-owned subsidiary of Soapy Care.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35 of the United States Code, including but not limited to 35 U.S.C, §§ 271, 281, 284, and 285.

6. This Court has personal jurisdiction over Defendants because they regularly conduct business in the State of Delaware and therefore have substantial and continuous contacts within this judicial district; because they have purposefully availed themselves to the privileges of conducting business in this judicial district; and/or because they have committed acts of patent infringement in this judicial district. Further, Soapy USA is incorporated in the State of Delaware.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of patent infringement in this District, and Plaintiff has suffered harm in this District. Further, venue in this District is proper pursuant to §1391(b)(1) for Defendant Soapy USA, which is incorporated in the State of Delaware, and pursuant to §1391(b)(3) for Defendant Soapy Care, which is a foreign corporation.

## THE ASSERTED PATENT

8. On January 3, 2012, United States Patent No. 8,090,155 ("the '155 Patent") entitled "Hand Washing Monitoring System" was duly and legally issued by the United States Patent and Trademark Office. Plaintiff Glanta is the assignee of all right, title and interest in the '155 Patent; including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '155 Patent. Accordingly, Plaintiff possesses the

exclusive right and standing to prosecute the present action for infringement of the '155 Patent by Defendants.  A true and correct copy of the '155 Patent is attached as Exhibit 1.

9.  The system protected by the '155 Patent is used to provide cost effective hand hygiene training using cameras to give feedback on hand hygiene technique.  The system teaches correct hand-washing technique to improve compliance with hygiene guidelines and to reduce the risk of the spread of infection.  While the system is primarily focused on the medical sector, it can be used by virtually any individual or organization seeking to improve hand hygiene technique.  The importance of correct hand hygiene technique and the need for proper instruction on same has obviously increased dramatically since the onset of the COVID-19 pandemic in 2020.

## **DEFENDANTS' INFRINGING ACTIVITIES**

10.  On information and belief, Defendants, either directly or through other entities under its control, imports, makes, uses, offers for sale and/or sells infringing products, including without limitation the SoapyPro and the SoapyPro Mobile products ("the Accused Products").

11.  On information and belief, Defendants infringe the '155 Patent by engaging in acts constituting infringement under 35 U.S.C. § 271, including without limitation by making, using, selling and/or offering for sale in and/or importing into the United States without authority one or more Accused Products that infringe one or more claims of the '155 Patent.

12.  On information and belief, Defendants promotes, sells and/or offers to sell its products throughout the United States, including without limitation by offering the Accused Products through its sales people and related entities.

## COUNT I

### (Patent Infringement)

13. Plaintiff restates and re-alleges the above paragraphs of this Complaint.

14. On information and belief, Defendants have infringed, and continue to infringe, literally and/or under the doctrine of equivalents one or more claims of the '155 Patent by making, using, offering to sell, selling, and/or importing into the United States, without authority products that infringe one or more claims of the '155 Patent.

15. Defendants have infringed and continue to directly infringe at least, for example, claims 1 and 7 of the '155 Patent by making, using, selling, offering for sale, and/or importing into the United States without authority products, including without limitation the Accused Products.

16. The claim chart attached hereto as Exhibit 2 identifies on a limitation-by-limitation basis where each limitation of claims 1 and 7 of the '155 Patent is found within the exemplary Accused Product. Each limitation of claims 1 and 7 is literally present in the exemplary Accused Product. To the extent any limitation is found to be not present literally, such limitation is present in the exemplary Accused Product under the doctrine of equivalents because the exemplary Accused Product performs substantially the same function, in substantially the same way, to achieve substantially the same result as claims 1 and 7 of the '155 Patent.

17. Defendants do not have a license to any of Plaintiff's patents or technology, including without limitation the '155 Patent.

18. Defendants have had knowledge and notice of the '155 Patent and of its infringement since at least December 22, 2022, when counsel for Glanta sent a letter to Defendant Soapy Care identifying the '155 Patent and asserting that the Soapy technology infringed the '155 Patent. By an email dated January 9, 2023, Max Simonovsky, CEO of Soapy Care and the CEO

of Soapy USA, responded to the December 22, 2022 letter from Glanta's counsel, acknowledging receipt of that letter.

19. At least since having actual knowledge of the '155 Patent and of its infringement thereof, Defendants have actively, knowingly, and intentionally continued to induce infringement of the '155 Patent, literally or by the doctrine of equivalents, by inducing or encouraging a third-party to participate in an action that infringes the patent. For example, upon information and belief, one or both Defendants have partnered with Lovell Government Services to provide Accused Products to customers in the federal healthcare system.

20. Glanta alleges, on information and belief, that Defendants' infringement of the '155 Patent is willful and deliberate, at least at all times after receiving the letter from Glanta's counsel dated December 20, 2022, alleging that Defendants infringe the '155 Patent. Accordingly, Glanta is entitled to enhanced damages pursuant to 35 U.S.C. § 284 and to an award of attorney's fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

21. As a direct and proximate result of Defendants' infringement, Glanta has suffered, and will continue to suffer, damage in an amount to be proved at trial.

22. As a result of the harm suffered as alleged herein, Glanta is entitled to relief under the Patent Act, including damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

23. On information and belief, unless enjoined by this Court, Defendants will continue to do the acts complained herein, and unless restrained and enjoined will continue to do so, all to Glanta's irreparable damage. It would be difficult to ascertain the amount of compensation which would afford Glanta adequate relief for such future and continuing acts. Glanta does not have an

adequate remedy at law to compensate it for injuries threatened. Thus, Glanta is entitled to an injunction against further infringement by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment that the '155 Patent is valid and enforceable;

B. Enter judgment that Defendants have directly and indirectly infringed one or more claims of the '155 Patent;

C. Enter an order permanently enjoining Defendants and their officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '155 Patent;

D. Award Plaintiff damages in an amount sufficient to compensate it for Defendants' infringement of the '155 Patent, together with pre-judgment and post-judgment interest and costs, and all other damages permitted under 35 U.S.C. § 284;

E. Award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

F. Treble the damages awarded to Plaintiff under 35 U.S.C. § 284 by reason of Defendants' willful infringement of at least one claim of the '155 Patent;

G. Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Glanta its attorneys' fees, expenses, and costs incurred in this action; and

H. Award Plaintiff such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Nicola Pisano<br>Regis C. Worley, Jr.<br>EVERSHEDS SUTHERLAND<br>12255 El Camino Real<br>San Diego, CA 92130-2071<br>(858) 252-6502 | By: /s/ Philip A. Rovner<br>Philip A. Rovner (#3215)<br>P.O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6000<br>provner@potteranderson.com |
| Dated: March 21, 2024<br>11390779 | *Attorneys for Plaintiff Glanta Ltd.* |