IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GLANTA LTD,

        Plaintiff,

    v.

SOAPY CARE LTD and SOAPY USA INC.,

        Defendants.

Civil Action No. 24-365-RGA

MEMORANDUM ORDER

Before me is Defendants' Motion to Dismiss. (D.I. 22). I have considered the parties'

briefing. (D.I. 23, 25, 27, 30, 31). For the reasons set forth below, this motion is GRANTED.

Dismissal shall be without prejudice. Plaintiff is granted LEAVE TO FILE A MOTION

SEEKING LEAVE TO AMEND its complaint within fourteen (14) days of entrance of this

order.

I dismissed Plaintiff's complaint (D.I. 1) in January 2025. (D.I. 20). The facts of this case

are fully laid out in the earlier memorandum opinion (D.I. 19), so I give here only a brief

recapitulation of the facts and of the procedural history since that initial dismissal.

Plaintiff filed its First Amended Complaint in February 2025. (D.I. 21). Plaintiff alleges

that Defendants infringe United States Patent No. 8,090,155 ("the '155 Patent").[1] The '155

Patent is described as follows:

> A hand washing monitoring system [] comprising a camera [], a processor [], the
> processor being adapted to receive from the camera images of hand washing
> activity. The processor analyses mutual motion of hands to determine if the hands
> mutually move in desired poses, and if so, the durations of the patterns; and
> generates a hand washing quality indication according to the analysis. The

---

[1] Plaintiff is the assignee of the '155 Patent. (D.I. 21 at ¶ 8).

1

> processor extracts information features from the images and generates feature vectors based on the features, including bimanual hand and arm shape vectors, and executes a classifier with the vectors to determine the poses. The processor uses edge segmentation and pixel spatio-temporal measurements to form at least some of the feature vectors.

'155 Patent, Abstract.

Plaintiff claims Defendants are infringing claims 2-4, 6, 8-24, 30-32, 35, and 37 of the '155 Patent. (D.I. 21 at ¶¶ 15-16).

Defendants moved to dismiss under Rule 12(b)(6). Defendants argued that Plaintiff's patent is directed toward a patent-ineligible abstract idea when analyzed under the framework laid out in *Alice Corp v. CLS Bank Int'l*, 573 U.S. 208 (2014). (D.I. 23 at 5). *Alice* requires me first to "determine whether the claims at issue are directed to one of those patent-ineligible concepts," such as an "abstract idea." *Alice*, 573 U.S. at 217. If I find that the claims are directed toward a patent-ineligible concept, I must then "consider the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application." *Id.* (citations omitted).

Plaintiff's arguments in its answering brief (D.I. 25) rely almost entirely upon the concurrently submitted Declaration of Dr. Gerard Lacey and its accompanying exhibits. (D.I. 26, 26-1). The Third Circuit has held,[2] "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011). "A document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into

---

[2] I apply Third Circuit law, because the Federal Circuit "review[s] the district court's dismissal for failure to state a claim under regional circuit law." *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 915 F.3d 743, 749 (Fed. Cir. 2019).

one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (cleaned up). There is no indication that Dr. Lacey's Declaration falls within the band of enumerated exceptions, and I will thus not consider Dr. Lacey's Declaration in ruling upon this Motion to Dismiss.

This leads, however, to a big problem. Plaintiff's arguments in its Answering Brief are so thoroughly intertwined with its reliance upon Dr. Lacey's Declaration that it is impossible to cleanly partition which of Plaintiff's arguments I should or should not be able to address at the motion to dismiss stage. To present just one illustrative example: one of Plaintiff's arguments is that claims 2, 4, 6, 9-12, 35, and 37 are patentable, because they are not directed toward "generic" abstract processes. (D.I. 25 at 9). In support of this contention, Plaintiff argues that Defendants "erroneously contend that the inventors of the '155 patent 'admitted' that such features were known. That Defendants' assertions are demonstrably not true is shown by the absence of such features in the cited prior art systems. Lacey Decl., ¶¶ 13-30." (D.I. 25 at 10). Paragraphs 13 to 30 of Dr. Lacey's Declaration extend from pages 4-11 of the 12-page Declaration. (*See* D.I. 26-1). Many of these paragraphs contain Dr. Lacey's opinion as to why the '155 Patent would have been seen as directed toward new or inventive subject matter at the time it was granted. For instance, Dr. Lacey notes, of a prior patent:

> In my view, that disclosure provides, at best, only a rudimentary suggestion for a computer-based handwashing monitoring system and would not enable a person of skill in the art of computer technology to make a functioning system. Moreover, that publication does not describe or even suggest the detailed algorithms that my co-inventor and I empirically developed over the course of several years, based on a considerable investment of time, money, and several grant awards. For example, there is no discussion in [the prior patent] of identifying a series of motion poses of joined hands independently of the order in which such poses occur.

(D.I. 26-1 at ¶ 14).

3

This pattern of reliance upon Dr. Lacey's Declaration for each of Plaintiff's arguments repeats continuously throughout the brief. As such, I think Plaintiff has effectively failed to respond adequately to Defendants' various arguments, absent reliance upon the improperly filed Declaration. Moreover, my refusal to consider Plaintiff's brief with Dr. Lacey's improperly submitted Declaration is no mere legal technicality. If I were to consider Plaintiff's arguments in connection with Dr. Lacey's arguments and evidence as laid out in his Declaration, I would effectively be "consider[ing] extraneous evidence submitted by [Plaintiff]" in its Answering Brief without "afford[ing] [Defendants] an opportunity to respond" adequately to this new evidence. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

That said, I decline to grant Defendants' requested relief of dismissing the First Amended Complaint with prejudice. Defendants themselves note in their reply brief, "Plaintiff's declaration filed in connection with motion to dismiss briefing raises serious substantive and procedural questions. If Plaintiff had additional facts to support patent eligibility, it should have alleged them in its Complaint or its Amended Complaint, or in a potential further amended complaint either before or after [Defendants] filed this Motion." (D.I. 27 at 2 n. 3). I agree with Defendants' note. I will take it one step further. I think Plaintiff should be allowed to file a motion seeking leave to amend its complaint. Thus, I will dismiss Plaintiff's complaint without prejudice and grant Plaintiff leave to file a motion seeking leave to amend its complaint with such additional facts as it deems requisite to support its claim of patent eligibility.

For the forgoing reason, Defendants' Motion to Dismiss (D.I. 22) is GRANTED. The First Amended Complaint is DISMISSED without prejudice. Plaintiff is granted LEAVE TO

4

FILE A MOTION SEEKING LEAVE TO AMEND its complaint within fourteen (14) days of entrance of this order.

IT IS SO ORDERED.

Entered this 26th day of March, 2026

_____
United States District Judge

5